%PROB 12C
( 12/04)

# UNITED STATES DISTRICT COURT

for

## District of the Northern Mariana Islands

F I L E D
Clerk
District Court

DEC – 5 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:  Joaquin Dela Cruz Cangco           Case Number: 00-00017-001

Name of Sentencing Judicial Officer:    Alex R. Munson

Date of Original Sentence:    November 14, 2000

Original Offense:    Interference with Commerce by Robbery, 18 U.S.C. § 1951

Original Sentence:    48 months imprisonment followed by three years of supervised release with conditions to include refrain from alcohol; participate in a substance abuse program for treatment of narcotic addiction or drug or alcohol dependency; undergo a mental health assessment and submit to recommended treatment as a result of that assessment; obtain and maintain gainful employment; perform 300 hours of community service; pay restitution jointly and severally with co-defendants in the amount of $6,717, and pay a special assessment fee of $200. On June 23, 2004, supervised release conditions were modified to include a sanction of 100 additional hours community service under the direction of the U.S. Probation Office. On February 8, 2005, supervised release conditions were modified to include shall refrain from any unlawful use of a controlled substance, and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Type of Supervision:  Supervised Release        Date Supervision Commenced:  February 11, 2004

Assistant U.S. Attorney:  Timothy E. Moran        Defense Attorney:  Douglas Cushnie

### PETITIONING THE COURT

[X] To issue a warrant

[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| Mandatory Condition | Failure to refrain from committing a federal, state, or local crime |
| Special Condition #5 | Failure to refrain from the use of any and all alcoholic beverages |

U.S. Probation Officer Recommendation:

☑ The term of supervision should be

    ☑ revoked.

    ☐ extended _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

*See attached report*

Reviewed by:            Reviewed by:

I declare under penalty of perjury that the foregoing is true and correct.

ROSSANNA VILLAGOMEZ–AGUON   TIMOTHY MORAN       MARGARITA DLG. WONENBERG

U.S. Probation Officer         Assistant U.S. Attorney     U.S. Probation Officer
Supervision Unit Leader

Date: 12/8/06          Date: 12/5/06      Executed on: 12/05/06

**THE COURT ORDERS:**

☐ No action.

☐ The issuance of a warrant.

☒ The issuance of a summons. for 12-7-06 @ 1:30pm

☐ Other

ALEX R. MUNSON
Chief Judge
District of the Northern Mariana Islands

12-5-06
Date

# UNITED STATES DISTRICT COURT
## FOR THE
### NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 00-00017-001 |
| Plaintiff, | ) | |
| | ) | |
| | )**DECLARATION IN SUPPORT OF PETITION** |
| vs. | ) | |
| | ) | |
| JOAQUIN DELA CRUZ CANGCO | ) | |
| Defendant. | ) | |
| | ) | |

I, U.S. Probation Officer Margarita DLG Wonenberg, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Joaquin DLC. Cangco, and in that capacity declare as follows:

On November 14, 2000, Joaquin Dela Cruz Cangco was sentenced to 48 months imprisonment for the offense of Interference with Commerce by Robbery, in violation of Title 18 U.S.C. § 1951.  Following release from imprisonment, he was ordered to serve three years supervised release with conditions to include that he refrain from the use of any and all alcoholic beverages; participate in a substance abuse program for treatment of narcotic addiction or drug or alcohol dependency; undergo a mental health assessment and submit to recommended treatment as a result of that assessment; obtain and maintain gainful employment; perform 300 hours of community service; pay restitution jointly and severally with co-defendants in the amount of $6,717; and pay a special assessment fee of $200. On June 23, 2004, supervised release conditions were modified to include a sanction of 100 additional hours community service under the direction of the U.S. Probation Office. On February 8, 2005, supervised release conditions were modified to include that the defendant shall refrain from any unlawful use of a controlled substance, and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter not exceed eight tests per month as directed by the probation officer. He is alleged to have violated his conditions of supervision.

Declaration in Support of Petition
Re: CANGCO, Joaquin Dela Cruz
USDC Cr. Cs. No. 00-00017-001
December 5, 2006
Page 2

**Mandatory Condition:** *The defendant shall not commit another federal, state, or local crime.*

On October 30, 2006, this Officer received information from the Department of Public Safety that Joaquin Cangco was arrested on October 29, 2006 for Assault and Battery and Disturbing the Peace. The Complaint was recorded in police report 06-010982, and stated the following: On October 29, 2006, a female caller reported a disturbing the peace incident at the residence of Vicente Teigita Cangco in Tanapag. Police officers Peter Aldan and Jerome Reyes responded to the call. At the residence they were met by Mr. Cangco who approached the officers. The officers observed Mr. Cangco's behavior and noticed his slurred speech and smelled a strong odor of alcohol coming from his breath. They noted that he had blood-shot red eyes and was sweating profusely. Mr. Cangco shoved his chest toward officer Aldan, pushing the officer back a little. He was belligerent and shouted "Arrest me now! Officer you better arrest me or I'll kill my family!" Officer Aldan pushed him back a little and asked what happened.

Mr. Cangco shouted "I've been arrested before and went to federal prison. You better arrest me or I'll kill my family!" Pursuant to witnesses at the scene, Mr. Cangco was subsequently arrested and charged with Disturbing the Peace, Assault, and Assault and Battery. On October 31, 2006, Officer John Santos, supervisor for the Criminal Investigation Bureau of the Department of Public Safety, advised this Officer that Mr. Cangco will be charged by the Attorney's General's Office and that a court date was scheduled for November 1, 2006.

On November 2, 2006, Mr. Cangco reported to the U.S. Probation and reported that his case was dismissed because his father and paternal uncle, Isaac Teigita, were able to provide information to the Attorney General's Office that prompted the dismissal of the case. On November 8, 2006, this Officer verified that the charges against Joaquin Cangco were dismissed on November 1, 2006, on a motion by the Attorney General's Office pursuant to the victim's request.

**Special Condition:** *That the defendant shall refrain from the use of any and all alcoholic beverages.*

On October 30, 2006, this Officer interviewed Vicente Teigita Cangco, the defendant's father. Mr. Cangco stated that his son was drunk when he became belligerent with his family members. According to Mr. Cangco, his son was upset because his uncle had cheated in a card game. Mr. Cangco further stated that his son had consumed alcohol in the past, but had never become as upset as he was during the card game.

On November 2, 2006, Joaquin DLC. Cangco reported to this Officer. He admitted that on October 29, 2006, he consumed four cans of Budweiser beer. He said that he could not recall much of the incidents on October 29, 2006, and only woke up to find himself in a prison cell. He was reminded by this Officer that he had previously been sanctioned for violating his condition of no alcohol by consuming the prohibited substance.

Declaration in Support of Petition
Re: CANGCO, Joaquin Dela Cruz
USDC Cr. Cs. No. 00-00017-001
December 5, 2006
Page 3

**Supervision Compliance:** On September 24, 2004, Mr. Cangco completed 400 hours of community service. On February 14, 2005, he completed a treatment program for anger management and substance abuse. On November 8, 2005, he submitted to DNA collection requirements at the Commonwealth Health Center. Mr. Cangco is unemployed and continues to search for employment on a weekly basis. He is compliant with his conditions of monthly reporting, however, due to his unemployment status and lack of income, he has not been compliant with his order of restitution.

**Officer Recommendation:** This Officer respectfully requests that the Court issue a Warrant for Joaquin Cangco to appear at a hearing scheduled by the Court, and during that hearing, he be held to answer or show cause why supervise release in this case should not be revoked, or for any reason or cause which the Court may deem just and proper pursuant to 18 U.S.C. § 3583.

Executed this _5th_ day of December 2006, at Saipan, MP, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By:     _____
MARGARITA DLG WONENBERG
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:     Timothy E. Moran, Assistant United States Attorney
        Douglas Cushnie, Defense Attorney
        File

## VIOLATION WORKSHEET

1.  Defendant    **Joaquin DLC. Cangco**

2.  Docket Number (Year-Sequence-Defendant No.)    **CR 00-00017-001**

3.  District/Office    Northern Mariana islands

4.  Original Sentence Date    11   /   14   /   00
                              month     day      year

(If different than above):

5.  Original District/Office    N/A

6.  Original Docket Number (Year-Sequence-Defendant No.)    N/A

7.  List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| ● Failure to refrain from committing a federal, state, or local crime | A |
| ● Failure to refrain from any and all alcoholic beverages | C |

8.  Most Serious Grade of Violation (see §7B1.1(b)    | C |

9.  Criminal History Category (see §7B1.4(a)    | I |

10. Range of Imprisonment (see §7B1.4(a))    | 12 - 18    months |

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

☐   (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐   (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☒   (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Defendant:    **Joaquin DLC. Cangco**

12.    **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| Restitution ($) | | Community Confinement | NA |
| Fine ($) | NA | Home Detention | NA |
| CS | Zero | Intermittent Confinement | NA |

13.    **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years.

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment:    27-33 months

14.    **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

None.

15.    **Official Detention Adjustment** (see      0    months      0    days